171 So.2d 202 (1965)
LE JUENE ROAD HOSPITAL, INCORPORATED, a Florida corporation, Appellant,
v.
Clyde Geary WATSON, a minor, by and through his natural guardian and next friend, Thelma J. Watson, and Thelma J. Watson, individually, Appellees.
No. 64-374.
District Court of Appeal of Florida. Third District.
January 26, 1965.
Rehearing Denied February 19, 1965.
Dean & Adams, Jeanne Heyward and John S. Koch, Miami, for appellant.
*203 George N. MacDonell and Charles F. Wells, Miami, for appellees.
Before TILLMAN PEARSON, HORTON and HENDRY, JJ.
HENDRY, Judge.
The defendant appeals from a judgment based upon a Five Thousand Dollar compensatory damage award in favor of the minor plaintiff, Clyde Geary Watson, and a Ten Thousand Dollar punitive damage award in favor of the plaintiff, Thelma Watson, his mother. The judgment was based upon jury verdicts.
The facts, stated in the light most favorable to support the jury verdict,[1] appear to be as follows:
Mrs. Watson, upon the advice of her doctor, took her eleven year old son, Clyde Geary Watson, to the appellant-hospital for an operation to remove the boy's appendix. The appellees arrived at the hospital at about 7:00 P.M., at which time the boy was taken upstairs to the examining room, undressed, examined and given medication.[2]
After they had been in the hospital for approximately two hours, an employee of appellant required appellees to leave. Thereupon, the appellees went to Jackson Memorial Hospital where the operation was performed. As a result of this conduct by appellant, the operation upon the child was not performed at the hour scheduled at appellant's hospital, but was delayed for several hours causing the child's suffering to be prolonged for that additional period of time. There was evidence to indicate that the boy was violently ill at the time he was required to leave the appellant's hospital, and that he vomited on the way to Jackson Memorial Hospital.
It appears from the record that the reason for appellees' being required to leave the appellant's hospital was the inability of Mrs. Watson to produce Two Hundred Dollars cash at that time.[3]
Appellant initially contends that the trial court erred in failing to direct a verdict for the defendant at various stages of the proceeding. We can not agree.
We agree with appellant's contention that a private hospital is under no obligation to admit any patient that it does not desire. Harsh as this rule may sound, it is permissible for a private hospital to reject for whatever reason, or no reason at all, any applicant for medical and hospital services.[4] However, this rule of law is not applicable to our situation. Although appellant argues this point, the record amply demonstrates that the hospital employees conducted themselves in such manner as to leave no doubt that the boy was not only physically admitted, but legally admitted to the hospital. The question of what acts constitute an admission to a hospital must vary with the circumstances, but in view of this state of the record we consider the boy to have been admitted. The appellant claims that he was not admitted to its hospital because the proper forms had not been filled out, but this can not be the criterion for determining admission. The hospital staff had removed the boy's street clothes, and dressed him in a hospital gown, administered medication, and the boy had been examined. In other words, the hospital had initiated care and treatment of this patient and had taken further steps than those necessary to determine whether or not they were going to admit him.[5]
*204 Inasmuch as we have determined that the boy was an admitted patient of the hospital, this case must resolve itself upon a determination of when and under what circumstances may a hospital discharge a patient against that patient's will.
Our research has revealed a dearth of authority on the subject. The New York Court of Appeals held the hospital liable along with the attending physicians for discharging a patient before the patient was cured and while she was in a condition which aggravated the injury.[6] The court said:
"At least, the jury might have found that the defendants had prematurely and willfully discharged themselves from attention to the case while the patient was desperately ill and before he was cured without giving information or advice as to subsequent treatment or the desperate and dangerous condition and character of the disease, all of which lead to aggravation of his condition and illness." 34 N.E.2d at 370.
Similarly, the Health Law Center of the University of Pittsburgh, in its Hospital Law Manual (1960), in regard to Admitting & Discharge § 3-2 advises:
"Once a hospital begins to treat a person, it must not act unreasonably in having him removed from the premises. The law requires that a patient be kept in the hospital and treatment continued if it is foreseeable that his condition will be aggravated or his danger increased by removal."
In view of the above authorities, it is apparent that the hospital was guilty of a wrongful discharge of this patient and accordingly must respond for any damage suffered by him. It is obvious that the boy was injured by appellant's tortious conduct by virtue of being required to endure pain and suffering for a period of time longer than would have been necessary had the hospital not wrongfully discharged him. What the monetary worth of the pain and suffering is, we leave to the sound discretion of the jury.[7] It is apparent that the trial judge correctly denied all the appellant's motions, consequently the compensatory award to the child is affirmed.
The award of punitive damages to Mrs. Watson was erroneous and is reversed. The basis of the error is that there was no award of compensatory damages to Mrs. Watson, and accordingly, an award of punitive damages may not be sustained unless compensatory damages were also awarded to this plaintiff.[8] Inasmuch as the mother was not awarded compensatory damages, she may not recover punitive damages. Accordingly, the judgment based upon the verdict for punitive damages is reversed.
Affirmed in part, reversed in part.
NOTES
[1] Theriault v. Rogers, Fla.App. 1964, 166 So.2d 820.
[2] Appellant denies that medication was administered at this time, but for our purposes this and other factual disputes must be resolved in appellees' favor. Note 1, supra.
[3] This incident occurred on Saturday night.
[4] Birmingham Baptist Hospital v. Crews, 229 Ala. 398, 157 So. 224 (1934); 41 C.J.S. Hospitals § 8.
[5] What has been said above does not in any way affect a hospital's obligation when presented with an emergency patient. For an excellent discussion of the law applicable thereto, see Wilmington General Hospital v. Manlove, Del. 1961, 174 A.2d 135.
[6] Meiselman v. Crown Heights Hospital, 285 N.Y. 389, 34 N.E.2d 367 (1941); Restatement, Torts, § 324 (1934).
[7] Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133 (1938); Baggett v. David, 124 Fla. 701, 169 So. 372 (1936).
[8] State Farm Mutual Automobile Ins. Co. v. Ganz, Fla.App. 1960, 119 So.2d 319; Miami Beach Lerner Shops v. Walco Mfg. of Fla., Fla.App. 1958, 106 So.2d 233.