265 So.2d 93 (1972)
Michaeline K. ROSEN et al., Appellants,
v.
PARKWAY GENERAL HOSPITAL, INC., et al., Appellees.
No. 71-1393.
District Court of Appeal of Florida, Third District.
July 25, 1972.
*94 Martin M. Dernis, Miami, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, Charles C. Papy, Jr., Coral Gables, and John G. Poole, Jr., Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
The appellant, Michaeline K. Rosen, brought actions charging medical malpractice against the appellees, Parkway General Hospital, E.S. Truppman, M.D., and George Segal, M.D. The suits were brought in her capacity as personal representative and as surviving mother of her minor child Kim Rosen; they were consolidated in the trial court. This appeal is from summary final judgments in favor of each of the three defendants. The appellant contends that the summary final judgments were erroneous because: 1) there were genuine issues of material fact as to the liability of each defendant; 2) the trial court erred in denying appellant's motion for a continuance of the hearing on the motions for summary judgment; 3) the court applied an erroneous rule of law in determining the liability of the hospital.
The deceased minor, who was two and one-half years old, was struck by an automobile. She was taken to Parkway General Hospital where she was admitted to the emergency room at 9:15 p.m. At the hospital, she was examined and treated by Dr. Truppman and Dr. Segal. A preliminary diagnosis was made which included possible internal injuries. At 11:30 p.m., the child was transferred with her mother to Jackson Memorial Hospital. An operation was performed by Dr. Paul Geary, a surgeon at the hospital. He found that the child's liver was almost completely transected. A part of the liver was removed, and she died soon thereafter.
The summary final judgments were based upon (1) the medical records, (2) the deposition of the plaintiff-appellant, (3) the deposition of several members of plaintiff's family who might have knowledge of the circumstances, (4) answers to interrogatories, (5) the affidavit of Dr. Paul Geary, the surgeon who operated on the deceased.
We consider first whether a genuine issue of material fact which would preclude a summary judgment is present. Appellant suggests that the issue of negligence as to each defendant is not resolved because there is no conclusive showing that they were not negligent. When a party moves for summary judgment, it is the moving party's burden to show the absence of an issue. Visingardi v. Tirone, Fla. 1966, 193 So.2d 601; Holl v. Talcott, Fla. 1966, 191 So.2d 40.
The appellees contend that the issue of negligence does not present a genuine issue of material fact because it appears from the uncontroverted affidavit of the operating surgeon that the child's injuries at the time of the automobile accident were so serious that she could not have survived. It is thus argued that the element of proximate cause is conclusively shown to be lacking and that therefore the summary judgment must stand, not on proof of the absence of negligence, but upon the lack of proximate cause.
Proximate cause is a slippery legal concept. It means that a jury must be able to find that the alleged wrong of the defendant caused the damage plaintiff claims. The question on this appeal is whether there is any evidence or inference from the evidence which would tend to show (i.e. raise an issue) that something the hospital or the doctors, Truppman and Segal, did do, or did not do, caused the child's death. It is apparent that the only real fault that plaintiff alleged against the defendants was that they did not act fast enough to save the child's life. We find that there is no fact or medical opinion presented which supports this allegation. On the other hand, the affidavit of the operating *95 surgeon, Dr. Paul Geary, is, in part, as follows:
* * * * * *
"It was my professional opinion based upon a reasonable medical probability that the cause of this patient's death was the extensive internal injuries suffered which made it impossible to control the child's bleeding resulting from these injuries at the time when the attempt was being made to repair them. It is my further opinion based upon a reasonable medical probability that time was not a critical element in this patient's survival, and that due to the nature of the injuries in all reasonable medical probability no surgeon, whenever he operated on the child, would have been able to control the bleeding, and therefore, it would have made no difference whether the patient had been operated on at an earlier time following the injury that she received."
* * * * * *
Since there is no evidence, circumstance, or implication to support any other view as to the cause of the death of the child, we think the trial judge correctly found on this record that the defendants had conclusively shown the absence of a cause of action against them.
In her second point, the appellant tacitly concedes that the record may be read as we have understood it, and she urges error because the trial judge denied her motion to continue the hearing to a later date in order to afford her an opportunity for more exhaustive discovery. The Florida Rules of Civil Procedure recognize the possibility of fault in a too hasty determination of litigation upon summary judgment. See Rule 1.510(f), R.C.P., 31 F.S.A.
The history of these suits is of some importance in determining the validity of appellant's objection. The suits were filed February 9, 1970; the affidavit by Dr. Geary, the surgeon, was filed on January 11, 1971, together with the motion for summary judgment. The summary final judgments were entered on November 19 and November 22, 1971.[1] The appellant failed to ask for relief under Rule 1.510(f), R.C.P., F.S.A. Therefore, no affidavit was filed that the appellant could not for reasons stated present affidavit facts essential to justify her opposition to the motion. No petition for rehearing presenting the possibility of further evidentiary facts was filed. Under these circumstances, we think that appellant's objection at this time comes too late. The motion for continuance which was filed urged that the hearing on summary judgment should await the determination of other pending litigation. The denial of this motion was not an abuse of discretion. See Cia.Ecuatoriana De Aviacion, C.A. v. United States and Overseas Corp., Fla.App. 1962, 144 So.2d 338; McNutt v. Sherrill, Fla. App. 1962, 141 So.2d 309.
Appellant's third point urges that an issue is presented as to whether the hospital breached its duty to render emergency medical service. See Bourgeois v. Dade County, Fla. 1956, 99 So.2d 575; Le Juene Road Hospital, Inc. v. Watson, Fla. App. 1965, 171 So.2d 202. This issue may have been raised by implication and it is not conclusively eliminated by the pleadings, depositions, affidavits and discovery. Nevertheless, in the light of the clear and uncontradicted medical evidence that the lapse of time was not a cause contributing to the child's death, we must hold that the issue does not reveal a genuine issue of material fact. Cf. Le Juene Road Hospital, Inc. v. Watson, supra.
Affirmed.
NOTES
[1] The court settled pending objections to discovery, set the date for hearing on the motion for summary judgment, and ordered that no further depositions be noticed on October 27, 1971.