330 So.2d 71 (1976)
Mildred I. HELMS and Cecil J. Helms, Appellants,
v.
M. David SIMS, M.D., Appellee.
No. 75-723.
District Court of Appeal of Florida, Third District.
April 6, 1976.
Rehearing Denied April 26, 1976.
*72 Leo Greenfield, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl and George W. Chesrow and Michael Jenks, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PEARSON, Judge.
Mildred Helms was the plaintiff in a medical malpractice action against Dr. David Sims. Helms alleged negligence of Doctor Sims in the performance of a hysterectomy operation. After the taking of extensive discovery, it appeared without genuine issue of material fact that Mrs. Helms's bladder was punctured during the performance of the hysterectomy, and that the repair surgery performed during the operation was unsuccessful. Doctor Sims submitted depositions and affidavits establishing as his defense that this injury was one of the ordinary risks involved in hysterectomy surgery. In addition, it appears without conflict that the plaintiff is without expert medical testimony that would tend to show that Doctor Sims departed from the standard of reasonable medical competence in the community in performing the operation in the way that he did. Based upon the affirmative showing that the plaintiff was without the ability to produce expert testimony to prove her allegation of negligence either in the operation or during the repair surgery, the trial judge entered a summary final judgment for Doctor Sims.
On this appeal from the summary judgment, Mrs. Helms urges that regardless of her inability to produce expert testimony of acceptable medical practice, a jury could find from the application of common knowledge that her bladder was needlessly pierced. Her reliance for reversal is based upon the holding of the Florida Supreme Court in Atkins v. Humes, Fla. 1959, 110 So.2d 663, 81 A.L.R.2d 590. See also Montgomery v. Stary, Fla. 1955, 84 So.2d 34; and Dohr v. Smith, Fla. 1958, 104 So.2d 29. In Atkins v. Humes, supra, the Supreme Court dealt with a summary judgment for a physician who was allegedly negligent in applying a cast to an infant's arm so that a "pressure sore" resulted, and negligent in failing to heed the classic warnings of Volkmann's contracture (a muscle contracture) while the child's arm was in the cast. The Supreme Court reversed the judgment for the physician holding that the evidence did not conclusively demonstrate an absence of malpractice. In so holding, the court said that there was "sufficient evidence tending to prove the issue of proximate cause to require the submission of the case to the jury." Here, there is no issue of proximate cause. The tendered issue is negligence. In addition, there is no issue of informed consent.
In Montgomery v. Stary, Fla. 1955, 84 So.2d 34, a premature infant's fingers and *73 thumb were severely burned by a physician who applied steaming-hot towels to the infant's left arm immediately after birth in order to treat for poor circulation. The Supreme Court held that a jury could have found, without expert testimony, that the fingers and thumb of the premature infant were burned off as a result of the physician's negligence.
In Dohr v. Smith, Fla. 1958, 104 So.2d 29, an anesthesiologist dislodged a bridge consisting of two teeth that became trapped in the patient's right bronchus. The anesthesiologist knew she was required to ascertain whether any of the patient's teeth were false before administering the anesthesia. The Supreme Court held that a jury could have found, without expert testimony, that negligence was involved.
Doctor Sims relies upon cases supporting the law stated in Holl v. Talcott, Fla. 1966, 191 So.2d 40. See Page v. Staley, Fla. App. 1969, 226 So.2d 129; and Rosen v. Parkway General Hospital, Inc., Fla.App. 1972, 265 So.2d 93. In Holl v. Talcott, supra, although the Supreme Court reversed a summary final judgment for the defendant in a medical malpractice case, the following principle was stated:
"... the movant may meet his burden by showing conclusively that he is not guilty of the negligence charged against him. Conceivably he may also meet this burden by showing conclusively that the negligence charged, or any committed by him, was not causally related to the plaintiff's injury. He might also do it by showing conclusively that the plaintiff is unable to present requisite proof of the negligence charged in the pleadings, as was done in Food Fair Stores, Inc. v. Patty, Fla. 1959, 109 So.2d 5."
We hold that the facts of this case make applicable the holding in Visingardi v. Tirone, Fla. 1966, 193 So.2d 601, which is as follows:
"We must acknowledge that there is some support for respondent's position in our opinion in Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, also cited by him. However, that case is clearly distinguishable, in that it actually approved the grant of summary judgment for the defendant because the record affirmatively showed that the plaintiff could not possibly prove her case, and not because she had simply failed to come forward with evidence doing so. In any event, to the extent that our opinion therein can be read as supporting respondent's position, as indicated by the above-quoted language, we hereby repudiate it."
A genuine issue of material fact appears as to whether, when Doctor Sims was presented with the emergency situation of an adhesion between the uterus and the bladder, he properly proceeded at that time to attempt to separate the adhesion with a sharp instrument. There is an additional issue of whether, having made the puncture in the bladder, he properly proceeded with the exercise of ordinary medical skill to repair the puncture. There is no conclusive showing that the plaintiff is without evidence to support her allegations on these two issues. We, therefore, conclude that the trial court erred in entering summary judgment and that, upon this state of the record, triable issues are presented.
Reversed and remanded.