675 So.2d 705 (1996)
Rene CARBONELL, Appellant,
v.
BELLSOUTH TELECOMMUNICATIONS, INC., Appellee.
No. 95-2685.
District Court of Appeal of Florida, Third District.
June 26, 1996.
*706 Mariano Sole, Miami, for appellant.
Adorno & Zeder, and Raoul G. Cantero, III, Coconut Grove, and Jonathan D. Colan, Miami; Robert G. Beatty, Miami, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Rene Carbonell ("Carbonell"), appeals the entry of summary judgment in favor of appellee, BellSouth Telecommunications, Inc. ("BellSouth"). We affirm.
Carbonell sued BellSouth for negligence, alleging that BellSouth knew or should have known of the danger created by its cable which fell in a parking lot and allegedly caused Carbonell to trip. The trial court entered summary judgment in favor of BellSouth based upon the undisputed testimony of BellSouth's employee.
The employee testified at his deposition that the cable was a messenger wire used only to support the main cable and that its fall did not interrupt service or in any other way notify BellSouth of a problem. The employee further stated that BellSouth was not notified of the fallen cable prior to Carbonell's fall.
On appeal, Carbonell argues first that the trial court erred in denying his motion for a continuance of the scheduled hearing on the motion for summary judgment. A party seeking a continuance bears the burden of showing, by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it, and that any failure to do so is not the result of the movant's inexcusable delay. DeMesme v. Stephenson, 498 So.2d 673 (Fla. 1st DCA 1986); Fla. R. Civ. P. 1.510(f). Carbonell offered no such support and, therefore, we find no abuse of discretion in the trial court's denial of Carbonell's motion for continuance. See Rosen v. Parkway Gen. Hosp., Inc., 265 So.2d 93 (Fla. 3d DCA 1972).
Second, Carbonell contends he did not receive the twenty-day notice of hearing required by Florida Rule of Civil Procedure 1.510(c). This, however, is not the case. Carbonell was served on July 27, 1995 with notice of the August 16, 1995 hearing. Rule 1.510(c) requires service "twenty days before the time fixed for the hearing." No error has been shown because service occurred exactly twenty days prior to the hearing date, thereby giving Carbonell the required opportunity to prepare. See Norton v. Gibson, 532 So.2d 1325 (Fla. 1st DCA 1988); Fernandez v. Moreno, 176 So.2d 587 (Fla. 3d DCA 1965).
Finally, Carbonell contends there was not enough evidence in the record for the trial court to enter summary judgment on the issue of whether BellSouth possessed knowledge of the fallen cable. This argument is erroneous because once BellSouth met its initial burden of showing the absence of material disputed issues, the burden shifted to Carbonell to prove otherwise either through facts or justifiable inferences from facts presented to the trial court. See Stepp v. State Farm Fire & Cas. Co., 656 So.2d 494 (Fla. 1st DCA), rev. denied, 663 So.2d 632 (Fla.1995). Here, Carbonell failed to refute or challenge BellSouth's evidence and no reversible error was shown. Accordingly, the entry of final judgment in favor of BellSouth is affirmed.
Affirmed.