PER CURIAM.
Troy Giroux appeals a final summary judgment in his action for unlawful discharge under section 440.205, Florida Statutes (1995), which prohibits an employer from discharging an employee by reason of such employee’s claim for workers’ compensation benefits. He contends the trial court should have granted his motion for continuance to enable him to depose his coworkers, because they might be able to provide key information whether the project upon which he was working closed down. We agree that Giroux met his burden under Florida Rule of Civil Procedure 1.510(f), and therefore the trial court abused its discretion in failing to grant the motion for continuance.
Appellee, Ronald W. Williams Construction Company, Inc., answered Giroux’s complaint and denied unlawful discharge. Williams Construction contended that the project upon which Giroux was employed was completed on July 31, 1996, and therefore, Giroux was laid off along with the other employees on that job. Shortly thereafter, Williams Construction filed its motion for summary judgment attaching the affidavit of the assistant payroll clerk for Williams Construction. She stated that Giroux was laid off along with the other employees because the project was completed and no other work was available.
Giroux’s first available opportunity to obtain the names and addresses of his coem-ployees was at the deposition of Sam Grubbs, the foreman for Williams Construction, which was taken February 18,1997, just three days before the hearing on the motion for summary judgment held February 21, 1997. In the meantime, on February 13, 1997, Giroux had filed his motion for continuance along with the sworn affidavit of his counsel. Counsel asserted that Williams Construction had been tardy in responding to Giroux’s discovery efforts which had delayed Giroux’s ability to conduct the necessary discovery in preparation for the summary judgment hearing. Due to scheduling conflicts, the first available date for the necessary depositions was not until February 18, the same week as the summary judgment hearing.
A party seeking a continuance under rule 1.510(f) has “the burden of showing, *665 by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it, and that any failure to do so is not the result of the movant’s inexcusable delay.” Carbonell v. BellSouth Telecommunications, Inc., 675 So.2d 705, 706 (Fla. 3d DCA 1996). Giroux’s affidavit demonstrates his inability to complete discovery, his efforts to accomplish discovery, and that failure to complete discovery was not due to inaction on his part, but rather to the conduct of Williams Construction in failing to file answers to interrogatories. This case proceeded in a relatively fast pace from filing to entry of the summary judgment. Although it may turn out that Giroux is unable to sustain his claim, he should have a reasonable opportunity to conduct discovery and, if possible, demonstrate the existence of a genuine issue of material fact. Accordingly, we find the trial court abused its discretion in denying Giroux’s motion for continuance.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF, J., and McCAULIE, Associate Judge, concur.
JOANOS, J., dissents with written opinion.