PER CURIAM.
Carl Walker and Tamico Walker appeal the entry of a final judgment of foreclosure. We affirm because there is no evidence that the holder of the Walkers' mortgage and/or the mortgage servicing agents agreed to forbear the filing of the foreclosure action.
In 2000, Mr. Walker suffered a severe work-related injury that caused him to default on his mortgage held by Midfirst Bank and to file a personal injury suit to recover for his sustained injuries. The Walkers intended to pay off their mortgage arrearages with the proceeds from the suit and thus avoid foreclosure proceedings. They ultimately settled the suit, but the mortgagee filed for foreclosure on March 13, 2002, before the Walkers rendered any payment to pay off their mortgage loan. In the Walkers’ breach of contract claim against the mortgagee, the Walkers alleged that there was a valid and binding oral agreement in which the Walkers’ former servicing agent, Irwin, agreed to delay the filing of a foreclosure action. According to the mortgagee’s March 6, 2002 letter to the Walkers, the Walkers owed $84,615.01.
The record reflects a long series of oral and written communications between the Walkers’ counsel and Irwin. The most notable communication is between the Walkers’ counsel and Jackie Barson of Irwin, in which Barson agreed to delay the filing of the foreclosure action for a reasonable amount of time. Barson testified that she orally agreed with the Walkers’ counsel in December of 2001 that no lawsuit would be filed, and that any lawsuit would be delayed for a reasonable amount of time so that the Walkers could pay off their loan in full. She specifically discussed with the Walkers’ counsel that the foreclosure action would be delayed until May 1, 2002,[1] but she did not agree not to file until that date, or any other date. She further testified that when the loan servicing was transferred to Midland, the file was still on hold for foreclosure pursuant to her agreement with the Walkers’ counsel. She also testified that her oral agreement with the Walkers’ counsel did not prevent Midland, the new servicing agent, *521 from instituting foreclosure proceedings prior to May 1, 2002.
We do not find evidence of any agreement that prevented Midland from instituting its foreclosure action against the Walkers. On motion for summary judgment, only questions of material fact raised by the evidence may be considered. Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla.1956). If the movant for summary judgment offers sufficient evidence to support its claim that there is no dispute of material facts, the opposing party must demonstrate, through competent evidence, the existence of disputed issues of material fact. Carbonell v. BellSouth Telecomms., Inc., 675 So.2d 705, 706 (Fla. 3d DCA 1996). If the opposing party fails to present such evidence, summary judgment may be entered in favor of the moving party. Id.
There is no issue of fact that the mortgagors failed to pay their mortgage when due and that the mortgagors defaulted on their obligation to pay. Likewise, we do not find that there is any disputed issue of fact as to the existence of an agreement that prevented Midland from instituting foreclosure proceedings when it did so. There is no evidence of any agreement between the Walkers and the mortgage servicing agents to forbear the filing of the foreclosure action prior to May 1, 2002. Barson, who had initially agreed to forbear the filing of a foreclosure action, testified that there was no agreement that prohibited Midland from filing its foreclosure complaint. Even after the mortgagors settled the personal injury suit prior to the institution of foreclosure proceedings, they failed to pay the loan off and rejected Midland’s offer to dismiss the foreclosure with prejudice to allow the Walkers to pay off the loan.
Furthermore, we do not find that there is a disputed issue of fact regarding the amount required to pay off the mortgage. Although the Walkers’ counsel disputed the amount owed and did not receive pay off information from the firm that instituted the foreclosure action until after the firm filed suit, this basis is insufficient to raise a disputed issue of fact as to the amount owed on the loan so as to preclude the entry of summary judgment. The Walkers indeed had received a breakdown of the loan balance from Midland approximately one week before Midland instituted the foreclosure action.
We find no merit to the remaining arguments the Walkers raised in this appeal, and therefore find that the trial court correctly entered judgment in the mortgagee’s favor on the Walkers’ counterclaims and on the mortgagee’s foreclosure action.
Affirmed.

. HUD, the federal agency which insured the Walkers’ mortgage loan, had approved an extension until May 1, 2002, within which the mortgage servicing agent had to initiate foreclosure proceedings.