# Third District Court of Appeal

## State of Florida

Opinion filed September 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-759
Lower Tribunal No. 20-6626

_____

**Elena Temnikova, et al.,**
Appellants,

vs.

**Eastern Financial Mortgage Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellants.

Wells & Wells, P.A., and Diane N. Wells; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellee.

Before EMAS, SCALES and LOBREE, JJ.

PER CURIAM.

Upon our *de novo* review[1] of the trial court's Final Judgment of Foreclosure, we conclude that the trial court did not err in its determination that the subject notes and the subsequent default rate interest are not usurious. World O World Corp. v. Patino, 306 So. 3d 1044, 1046 (Fla. 3d DCA 2020) ("It is well-settled that the determination of whether a transaction is either civilly or criminally usurious is made at the inception of the loan. . . . The note provides for a legal rate of interest and there is a contractual limitation agreed to by the parties, which applies in the event of default, to the maximum interest allowed by law."); see Jersey Palm-Gross, Inc. v. Paper, 658 So. 2d 531, 535 (Fla. 1995) (recognizing that a promissory note's savings clause, though not dispositive in absolving a lender, is one factor in considering usurious intent). We also conclude that the trial court did not abuse its discretion by denying appellants' motion for continuance. See Tr. Real Estate Ventures, LLC v. Desnick, 278 So. 3d 242, 242-43 (Fla. 3d DCA 2019); Carbonell v. BellSouth Telecomms., Inc., 675 So. 2d 705, 706 (Fla. 3d DCA 1996) ("A party seeking a continuance [of a summary judgment hearing] bears the burden of showing, by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it,

---

[1] See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

and that any failure to do so is not the result of the movant's inexcusable delay.").

Affirmed.