# Third District Court of Appeal

## State of Florida

Opinion filed January 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1983
Lower Tribunal No. 21-30661-CC-05

_____

**Rosario Valer,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Tyler Law Firm and Ryan C. Tyler, for appellant.

Paul R. Pearcy, P.A., and Maureen G. Pearcy, for appellee.


Before EMAS, FERNANDEZ and BOKOR, JJ.

FERNANDEZ, J.

Rosario Valer ("Valer") appeals the trial court's Final Judgment entered in favor of Citizens Property Insurance Corporation ("Citizens"). Valer argues that the trial court abused its discretion when it denied her motion for a continuance of a summary judgment hearing, and that it erred when it granted summary judgment for Citizens because the trial court incorrectly required Valer to disprove a policy exclusion as part of her initial burden of proof. For the following reasons, we agree with Valer and reverse.

## BACKGROUND

Citizens issued a "Homeowners HO-3 Special Form Policy" to insured Reinaldo Perez de Alejo for the period of October 23, 2020 to October 23, 2021 for a residential property located in Miami-Dade County, Florida. The policy provided coverage for direct physical loss to the dwelling subject to the policy's terms and exclusions. It also afforded named peril coverage for direct physical loss to personal property, subject to the policy's terms and exclusions. The policy contained exclusionary language, in part, that stated:

**SECTION I – EXCLUSIONS**

A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
***

2

**12. Constant Or Repeated Seepage Or Leakage Of Water Or Steam,** or the presence or condensation of humidity, moisture or vapor; over a period of weeks, months or years, unless such seepage or leakage of water or steam or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.

On August 13, 2021, the subject property was damaged due to a kitchen faucet leak. Valer hired a public adjuster who submitted a claim to Valer's property insurance carrier, Citizens.

Citizens sent a field adjuster, Paul Garza, to investigate the damage. Garza reported that the water damage stemmed from "long term . . . repeated seepage." Citizens thus denied coverage under the "repeated seepage or leakage of water" exclusion.

In November 2021, Reinaldo Perez de Alejo sued Citizens for breach of contract. In January 2022, the complaint was amended to add Teodora Perez de Alejo and Valer as plaintiffs; however, Valer is now the only remaining plaintiff in the action. Citizens answered the complaint and, as its first affirmative defense, raised the "constant or repeated seepage or leakage of water" exclusion.

On December 10, 2021, the trial court entered its case management order setting pretrial deadlines. This included deadlines for disclosures of fact and expert witnesses, exhibit lists, and summary judgment motions. On

3

February 10, 2023, Citizens filed a motion for extension of time to comply with the trial court's pretrial deadlines. On April 15, 2023, the trial court extended some of the deadlines in the uniform case management order for 120 days from the date of the trial court's order. In its order, the trial court set August 14, 2023 as the deadline to disclose the fact and expert witnesses, file summary judgment motions, and complete fact and expert discovery.

On February 10, 2023, Citizens disclosed its witness list, including its field adjuster and corporate representative. On February 16, 2023, Citizens disclosed Mr. William A. Yanko, P.E., Ph.D., as its professional engineer expert witness.

On August 3, 2023, the trial court issued its jury trial order. It set trial for the week of November 27, 2023. On August 10, 2023, Citizens moved to extend the discovery and pre-trial deadlines. It sought to complete Valer's deposition because Valer cancelled her July 31st deposition and had not yet provided any additional dates for her deposition to be set before the discovery cut-off date.

On August 11, 2023, Citizens moved for final summary judgment based on the policy's repeated seepage exclusion. It argued that the policy's long-term water leak exclusion prevented coverage for Valer's loss. To support its final summary judgment motion, Citizens submitted the affidavits

4

of its corporate representative Joshua Anthony, field adjuster Garza, and engineering expert Yanko. It filed a certified copy of the insurance contract.

Citizens's corporate representative Joshua Anthony attested to Citizens's investigation and denial of Valer's loss due to the policy's coverage limits and the long-term water damage due to repeated seepage. Citizens's denial letter was attached to his affidavit. Citizens's field adjuster Garza attested to what he observed the day he inspected Valer's property and the photos he took that same day. He observed damage to the lower cabinets below the kitchen sink including "dark staining consistent with long term damage and repeated seepage" and patina on the faucet and cut-off valve indicating "a long term leak over an extended period of time." Garza's photos reflected the conditions he observed. The photos showed discolored, damaged wood in the cabinet under the kitchen faucet and rusted hardware in the cabinet. The photos also showed damage to the particle board on the underside of the sink and damage to the patina on the kitchen faucet and cut-off valve.

Yanko attested he is a licensed professional engineer with a Ph.D. in civil engineering. His employer was retained by Citizens to give its opinion on the "cause, origin and duration of water damage." He reviewed the photos taken by Garza and by Valer's public adjuster, the public adjuster's estimate,

5

an indoor environmental assessment report dated August 23, 2023, county property appraiser and permit records, and court filings in Valer's lawsuit. Yanko stated the photos indicated there was "water exposure to the wood-based and metal materials in the lower cabinet in the kitchen;" photos "at the underside of the faucet indicated that there was copper oxide (patina) on the water supply tubes that was consistent with long-term water exposure (at least several months);" photos "at the underside of the sink indicated that there was iron oxide (corrosion) along the edge of the sink-countertop interface with long-term water exposure (at least several months);" and photos "indicated that there was moisture intrusion into the lower kitchen cabinet at the aforementioned origins that was not from a singular water exposure event or a short-term water exposure issue." Thereafter, Valer did not file a written opposition to Citizens's summary judgment motion and did not file any counterevidence.

On August 21, 2023, Citizens contacted Valer's counsel to set the summary judgment motion for hearing. Ms. Leidy Cuervo, who was Valer's counsel at the time, advised Citizens that she was undergoing medical treatment due to recently being diagnosed with cancer and soon would be withdrawing from the case. Thereafter, Citizens emailed Ms. Cuervo's office on August 22 and 25, 2023 trying to set the hearing but was not successful.

On August 25, 2023, fourteen days after Citizens moved for summary judgment, Ms. Cuervo, Scott Klotzman, and the Law Offices of Scott Klotzman P.A., Valer's attorneys, moved to withdraw as counsel of record for Valer citing irreconcilable differences. A hearing on the motion was set for September 11, 2023.

Thereafter, Citizens's counsel contacted the trial court's judicial assistant, and the trial court approved Citizens unilaterally setting the motion for summary judgment hearing. There was no order granting Valer's counsels' motion to withdraw at that point in time.

The hearing on the motion to withdraw took place on September 11, 2023. That same day, the court generated a Notice of Special Set Hearing, setting Citizens's motion for summary judgment to be heard on October 11, 2023. The Notice of Special Set Hearing was electronically served on all parties of record on September 11, 2023. Later that same day, on September 11, 2023, Valer's new counsel, Quintana Law, filed its notice of appearance in the case. At the time Quintana Law filed its appearance, Quintana Law asserts that Citizens's notice of hearing on its motion for summary judgment motion did not yet appear on the docket.

On September 12, 2023, the trial court entered its order granting Valer's attorneys' motion to withdraw. The order stated that plaintiff was

7

responsible for her case until new counsel was hired, and plaintiff was required to comply with all court ordered deadlines and discovery. The order also required Valer's deposition to take place within thirty days of September 11, 2023. Accordingly, on October 2, 2023, Citizens noticed Valer's deposition for October 12, 2023.

On September 12, 2023, Quintana Law requested Citizens reschedule its summary judgment hearing so that the depositions first could be completed. On September 13, 2023, Quintana Law moved to compel the depositions of Citizens's corporate representative, field adjuster, desk adjuster, and engineer, contending that Citizens was not cooperating in setting them.

On October 2, Valer moved to strike the notice of hearing on Citizens's summary judgment motion pending completion of the deposition of Citizens's engineer. She contended that she sought to depose Citizens's engineer regarding his opinions on the causation, origin, and duration of Valer's damages. Valer included an October 2 email from Citizens's counsel who explained that the summary judgment hearing was set when predecessor counsel for Valer "sat on it" and refused to coordinate a hearing date. Also on October 2, Valer filed a notice of taking deposition of Citizens's expert engineer on October 27, 2023.

On October 3, 2023, Valer filed a motion for continuance of the hearing set for October 11, 2023 of Citizens's motion for summary judgment. Again, she contended she sought to depose Citizens's expert engineer for his opinions on the causation, origin, and duration of Valer's damages. On October 9, 2023, Citizens responded to the motion for continuance and contended that the hearing was set according to the trial court's procedures after Valer's previous counsel failed to respond to requests to coordinate dates. Citizens argued that pursuant to the trial court's procedures, its counsel "contacted the Judge's Chambers and informed the Court's Judicial Assistant that several attempts have been made to coordinate Defendant's Motion for Summary Judgment with Plaintiff's counsel of record." Thereafter, the trial court approved the setting of Citizens's motion for summary judgment, and the trial court issued its Notice of Hearing. Citizens also argued that Valer had sufficient time to depose Citizens's expert engineer, who was disclosed on February 16, 2023, and the discovery deadline had expired. Citizens argued it would be prejudiced if summary judgment was not heard before the November 27 trial date but did not explain why. Valer's motion for continuance was set to be heard on October 10, 2023.

At the hearing on October 10, Citizens argued that it complied with all the trial court's pretrial deadlines, and its summary judgment motion was

9

timely filed. It contended, however, that Valer had not complied with any pretrial deadlines. Citizens contended it followed the court's procedure when it tried to coordinate a hearing date, which was done before Valer's previous counsel withdrew. It argued that on August 28, 2023, the trial court allowed the hearing to be unilaterally set, but the motion to withdraw was not granted until September 11. Citizens further argued that its expert engineer was disclosed in February 2023, but Valer requested his deposition after she obtained new counsel.

Valer requested that Citizens's counsel set the motion for summary judgment hearing after the deposition of Citizens's expert to allow Valer the twenty days to respond to the motion for summary judgment. She argued Valer did not delay in getting new counsel because the same day her previous attorneys withdrew from the case, new counsel filed its notice of appearance. She contended it was an abuse of discretion to grant summary judgment when the opposing party had not had the opportunity to complete discovery. Valer argued that Citizens unilaterally set the summary judgment motion for hearing with the court's judicial assistant without informing the court that there was a pending motion to withdraw as counsel for Valer.

The trial court denied the motion for continuance, stating: the case had been pending since 2021 and was set to begin trial on November 27, 2023;

the court had previously issued a case management order and stated it was starting to enforce case management order deadlines strictly; "there is also a requirement that plaintiff just doesn't sit there and, you know, there is a point where [the right to complete discovery] doesn't apply anymore, when one side doesn't do what they are required to do to move the case along;" the trial court had thousands of cases and expected plaintiffs "to do everything they are required to do in a timely fashion."

The court also examined the language in the September 11 order granting the motion to withdraw as counsel and noted that the order stated: "Plaintiff must comply with all court ordered deadlines and discovery." The next day, the court entered its written order denying the motion for continuance.

Valer moved for reconsideration of the order denying the motion for continuance. She filed the supporting affidavits of her current counsel at Quintana Law (Ms. Brigitte Quintana) and her previous counsel, Ms. Cuervo. Successor counsel Ms. Quintana stated that the expert engineer's affidavit was first disclosed on August 11, 2023. Ms. Cuervo stated she became aware on August 28 that the summary judgment hearing date was unilaterally set through a system generated email sent by the Court. According to her affidavit, it appears Ms. Quintana stated she first became

aware of the summary judgment hearing on September 12, the day after she filed her appearance in Valer's case.

Valer's motion for reconsideration was heard by the trial court on October 11, 2023. Citizens contended that Ms. Cuervo was aware on August 28 of the summary judgment hearing date and that the trial court approved setting the hearing date, both of which happened before Ms. Cuervo's firm withdrew. Citizens also argued that in her motion to continue, Valer did not make any arguments addressing excusable neglect for the failure to respond to Citizens's summary judgment motion. The trial court orally denied the motion for reconsideration.

Citizens's motion for summary judgment was also heard on October 11, 2023. The court noted that Valer did not file anything in opposition to the motion. The court then addressed the burdens of proof each party had. It stated that Valer had the initial burden of presenting evidence that her loss fell within the policy's coverage provisions.

Valer's counsel argued that because the policy in question was an "all-risk" policy, and that Valer's burden was only to show a loss during the policy period, Citizens had the burden of proving that its repeated seepage exclusion applied to the loss. The trial court disagreed and stated the "repeated seepage" provision fell under the conditions of coverage section

12

of the policy, not the exclusions section. The court thus believed that Valer had the initial burden of proving that her property damage was not caused by repeated seepage.

The court noted that the field adjuster's observations indicated visible long-term water damage to the wood on the kitchen cabinet and rust on the cabinet hardware. The court observed that Valer could have presented evidence that the leak was unknown to her and hidden so that the loss would be covered, but she did not.

Citizens argued that the facts were undisputed because Valer did not respond to the motion. It also stated that there was unrebutted evidence that the damage was due to long-term seepage.

Valer argued that if Citizens presented evidence of repeated seepage or leakage, she intended to show that the water damage was unknown and hidden to Valer, and that the water damage came from behind a wall or ceiling. She stated she retained and disclosed experts, but stated she did not file anything for the summary judgment hearing. She argued that Valer needed to depose Yanko because he made conclusory statements, and she believed there may be testimony from him that would support Valer's position.

The trial court found that the deposition testimony of Citizens's expert was not necessary to decide the summary judgment issue because the court believed Valer had the initial burden to prove her damage was not caused by repeated seepage exclusion. Accordingly, the trial court granted Citizens's motion for summary judgment, finding that Valer failed to meet her burden.

On October 14, 2023, the trial court entered its Final Judgment granting Citizens's motion for final summary judgment "for the reasons stated on the record." Valer now appeals.

## STANDARD OF REVIEW

This Court reviews a trial court's denial of a motion for continuance under an abuse of discretion standard. Vella v. Salaues, 290 So. 3d 946, 948-49 (Fla. 3d DCA 2019). A trial court's order entering final summary judgment is subject to a *de novo* standard of review. Volusia Cnty. v. Aberdeen at Ormond Beach, 760 So. 2d 126, 130 (Fla. 2000).

## DISCUSSION

Valer first contends that the trial court abused its discretion in denying her motion for continuance of Citizens's unilaterally set motion for summary

judgment hearing. To obtain a continuance of Citizens's summary judgment hearing, Valer had to show "by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it, and that any failure to do so is not the result of the movant's inexcusable delay." Carbonell v. Bellsouth Telecomms., Inc., 675 So. 2d 705, 706 (Fla. 3d DCA 1996). The record reflects Valer met these requirements.

At the time she moved for a continuance on October 3, 2023, the depositions of two witnesses were set, noticed, and pending: the deposition of Valer noticed for October 12, 2023, and the deposition of Citizens's expert engineer, Yanko, noticed for October 27, 2023. The trial court denied the motion for continuance, and Valer moved for reconsideration the same day and submitted two supporting affidavits from her previous counsel and her current one. The affidavits outlined what discovery was needed to respond to Citizens's summary judgment motion and counsels' efforts to obtain discovery. Specifically, the attorneys explained how Citizens unilaterally set the summary judgment hearing for September 11, 2023, the same day the motion to withdraw took place. The attorneys further explained that Citizens did not reschedule the motion for summary judgment hearing even though the very next day on September 12, 2023, Valer's new counsel requested that the hearing be continued, but Citizens's counsel did not comply. Thus,

the requirements under <u>Carbonell</u> were met because Valer's motion for continuance, reconsideration motion, and the supporting affidavits of her attorneys satisfied the requirements outlined in <u>Carbonell</u> as follows: the filings detailed "the existence and availability of other evidence, its relevance, the efforts taken to produce it, and that any failure to do so is not the result of the movant's inexcusable delay." <u>Id.</u>

Valer cites to <u>Sacramento v. Citizens Property Insurance Corporation</u>, 342 So. 3d 737 (Fla. 3D DCA 2022), <u>review denied</u>, SC-966, 2022 WL 4682831 (Fla. Oct. 3, 2022), in support of her position that the trial court erred in denying the continuance. In <u>Sacramento</u>, Citizens denied a water damage claim from its insureds "for lack of coverage due to a policy exclusion," like what occurred in Valer's case. <u>Id.</u> at 738. The <u>Sacramento</u> insurance policy was an all-risk home insurance policy, as is Valer's policy. <u>Id.</u> The insureds sued Citizens, and Citizens moved for summary judgment based on a policy exclusion, as it did in Valer's case. <u>Id.</u>

Counsel for the insureds in <u>Sacramento</u> moved for a continuance of the summary judgment hearing contending that the motion was premature because the deposition of a key witness was pending. <u>Id.</u> Counsel argued that an expert's deposition "had already been noticed and set and he was a key witness who would be testifying regarding the cause of loss." <u>Id.</u>

16

Citizens's counsel admitted he received a message from opposing counsel asking to reset the summary judgment hearing but did not agree because the hearing had been set for two months. Id. at 738-39.

The trial court in Sacramento denied the continuance and entered summary judgment for Citizens, just as the trial court did in Valer's case. Id. at 739. The insureds moved for rehearing and filed two affidavits in support of their motion, as did Valer. The trial court in Sacramento denied rehearing and entered final judgment in favor of Citizens. Id. The insureds then appealed. Id.

On appeal, this Court stated that "Citizens itself defeated its own summary judgment motion by subsequently filing a notice . . . of deposition of a key witness, a witness whose testimony would most likely raise a genuine issue of material fact, eight days prior to the summary judgment hearing." Id. at 739. Similarly, in Valer's case, on October 2, 2023, nine days before the summary judgment hearing, Citizens noticed Valer's deposition for October 12, the day after the summary judgment hearing. Valer's argument is that because the exception to the repeated seepage exclusion required evidence of Valer's knowledge of the leak, her testimony was related to the issue raised in Citizens's motion and thus created a question of fact.

In addition, on October 2, Citizens agreed to Valer deposing its expert engineer, Yanko, on October 27, 2023, two weeks after the motion for summary judgment hearing. Yanko's testimony was necessary to determine the summary judgment issue because his affidavit attached to Citizens's summary judgment motion was the only expert testimony that Citizens relied on to support its motion.

Thus, here, as in <u>Sacramento</u>, "[t]he trial court was fully aware of Citizens's pending and noticed deposition[s] that would potentially shed light on the causation issue central to the outcome of the case." <u>Id.</u> at 739. Accordingly, because Valer and Yanko's testimony was essential to the repeated seepage and leakage issue raised by Citizens in its summary judgment motion, and both Valer and Yanko's depositions were set, noticed, and pending at the time of the October 11 summary judgment hearing, the trial court abused its discretion in denying the continuance for this reason alone. <u>Id.</u> ("Florida District Courts agree that if there is a pending deposition that would most likely raise a genuine issue of material fact, discovery is considered ongoing and summary judgment is premature; this is especially the case if the deposition is noticed."); <u>Harper v. Wal-Mart Stores East, L.P.</u>, 134 So. 3d 557, 558 (Fla. 5th DCA 2014) ("A trial court's decision to grant a continuance of a summary judgment is discretionary. However, that

18

discretion is tempered if discovery is not completed and is necessary for the disposition of the case.").

In addition, one of the factors appellate courts consider in deciding whether the trial court abused its discretion in denying a motion for continuance is whether the opposing party would suffer any prejudice or inconvenience as a result of the continuance. Rice v. NITV, LLC, 19 So. 3d 1095, 1099 (Fla. 2d DCA 2009). Here, in its October 9, 2023 response to Valer's motion for continuance, Citizens argued it would be unduly prejudiced if summary judgment was not heard; however, it did not explain why, nor did it make the argument at any of the hearings before the trial court. The trial court never addressed the issue at any hearing and made no finding of prejudice. For this reason as well, the trial court abused its discretion in denying Valer's motion for continuance. VME Grp. Int'l, LLC v. Grand Condo. Ass'n, Inc., 347 So. 3d 461, 467 (Fla. 3d DCA 2022) ("Although delay would be a consequence [of granting a continuance], it would not have prejudiced [the party opposing a continuance]."); Thompson v. Gen. Motors Corp., Inc., 439 So. 2d 1012, 1013 (Fla. 2d DCA 1983) (quashing order denying continuance to counsel whose recent illness required him to withdraw from the case, where "[n]ew counsel could not possibly become prepared to try a case of this magnitude by the time of its

19

scheduled date[,]" and where "[r]espondent made no showing of prejudice other than that [the trial would be delayed]").

Turning to Valer's second argument that the trial court erred in granting summary judgment for Citizens because it incorrectly required Valer to disprove a policy exclusion as part of her initial burden of proof, we find there is merit to Valer's position. Valer's policy with Citizens was an "all-risk" policy. An "all-risk" policy is one in which covers "all losses unless specifically excluded." People's Tr. Ins. Co. v. Gunsser, 373 So. 3d 422, 424 (Fla. 6th DCA 2023). Accordingly, the law in Florida is that Valer's initial burden of proof only required her to show that the property suffered a loss while the policy was in effect. Mejia v. Citizens Prop. Ins. Corp., 161 So. 3d 576, 578 (Fla. 2d DCA 2014). Thereafter, the burden shifts to the insurer, Citizens, to show that the loss falls under an exclusion outlined in the policy. Deshazior v. SafePoint Ins. Co., 305 So. 3d 752, 754-55 (Fla. 3d DCA 2020).

Consequently, under the facts of Valer's case, because the repeated seepage provision was an exclusion and not a condition of coverage, the coverage had nothing to do with Valer's initial burden of proof. Citizens acknowledges this in its summary judgment motion.

However, the trial court erred on this point. The court based its summary judgment decision on its incorrect belief that Valer was required to

20

disprove the repeated seepage provision. At the hearing on the motion for summary judgment, the trial court stated:

> So even if we were to say – even if I were to exclude the expert as they want to depose them – even if I were to exclude that expert and not consider it, it wouldn't matter; they haven't met their initial burden to show that it was caused by – that it was not caused by constant and repeated seepage.
> ***
> So based on that, I did not see anything indicating that plaintiff has proven that this is a covered loss. Based on what I described on the record, I am going to grant defendant's motion for summary judgment.

Valer had no burden to disprove the repeated seepage exclusion. Thus, the trial court was incorrect on the law and erred in entering summary judgment for Citizens.

For these reasons, we reverse the Final Judgment and remand the case for further proceedings consistent with this Court's opinion.

Reversed and remanded.

21