PER CURIAM.
Ernest and Meredith Cole were killed instantly when their car was broadsided by a police car responding, at 70 m.p.h., to an emergency call. The personal representative brought this wrongful death action against the Florida Department of Transportation (DOT) and the road construction *1034 engineer and contractor, H.J. Ross Associates, Inc., and H.J. Ross Associates. This appeal is brought from a final summary judgment entered in favor of Ross.
The dispositive issue on appeal is whether Ross established conclusively, for the purpose of a summary judgment, that its duties as a general contractor, regarding the design and construction of certain improvements to State Road 94 (Kendall Drive) in Dade County, were extinguished under the doctrine of Slavin v. Kay, 108 So.2d 462 (Fla.1958) (contractor is relieved of liability for injuries to third persons occurring after the owner had accepted the project if the owner knew, or reasonably should have known, of a defect), by the Department of Transportation’s acceptance of the project with knowledge of potential hazards to motorists.
After the tragic accident that took the lives of the Coles, further investigations by traffic engineers at the crash site established a “line-of-sight” defect as a contributing cause. The defect is a four-foot rise of Kendall Drive as it crosses over railroad tracks. That slight elevation obscures the vision of westbound motorists approaching 98th Court at the posted speed limit.
Two material issues raised by the pleadings are whether the defect was patent, that is, whether it was obvious to the Department of Transportation, Easterday v. Masiello, 518 So.2d 260 (Fla.1988), and if not, whether the Department otherwise knew, or should have known, of the dangerous defect. Having combed the voluminous record, we agree with the trial court that the demanding requirements on a defendant seeking a summary judgment were satisfied. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). Ross proved conclusively the nonexistence of a dispute on the two material fact issues. There is documentary evidence in DOT’s records that it had knowledge of the specific line-of-sight problem before the accident, and of the hazard created by the graduated road elevation.
Affirmed.