McCarthy, TIMOTHY P„ Associate Judge.
The issue in this ease is whether the trial court erred in not allowing appellant to file an amended complaint. We find that the amended complaint should have been allowed and reverse.
Appellant was a sub-sub-contractor which provided a labor force to a subcontractor for the general contractor, ap-pellee Sterling Contractors, Inc. (Sterling).
Appellant originally filed a one count complaint against the general contractor and its surety under a public payment and performance bond. In its initial complaint, appellant asserted that it was a “laborer” and therefore exempt from the preliminary notices requested by section 255.05(2)(a), Florida Statutes (1997).
The parties filed cross motions for summary judgment. The hearing on these motions was held on November 17, 1998. After argument, the trial court announced in open court that it found that appellant was not a “laborer” as defined in the Florida Construction Lien Law, section 713.01(14), Florida Statutes (1997), and therefore, intended to grant a final summary judgment to appellees and deny appellant’s motion for summary judgment. The court’s written order of final summary judgment was entered on December 7, 1998.
On November 25, 1998, after the court’s oral pronouncement but before the entry of the executed final summary judgment, appellant filed a Motion for Reconsideration, or Alternatively, for Leave to Amend Complaint. Attached to the motion was appellant’s proposed amended complaint which alleged, in the alternative, that Sterling had timely served its notice of intent to rely upon the bond as required by section 255:05(2)(a).
Appellant timely noticed a hearing on its motion. However, the court, acting on its own, without a hearing, denied appellant’s motion for reconsideration. The court did not rule on appellant’s alternate motion for leave to file an amended complaint.
Appellees rely on City of Boca Raton v. Ross Hofmann Associates, Inc., 501 So.2d 72 (Fla. 4th DCA 1987), and Florida National Bank v. Domanska, 486 So.2d 1384 (Fla. 3d DCA 1986). Both of these cases are inapposite to the case sub judice. In each of these cases, a defendant/appellant challenged an order granting leave to amend which was entered after the entry of a final judgment and after the denial of a motion for rehearing. In City of Boca Raton, this court reversed, holding that a trial court was without authority to permit an amended pleading after the entry of a final judgment and denial of rehearing. See 501 So.2d at 72.
Unlike this case, City of Boca Raton did not involve the plaintiffs timely appeal of a final judgment challenging the propriety of a trial court’s denial of a motion for leave to file an amended complaint.
Appellees also rely on DiPaolo v. Rollins Leasing Corp., 700 So.2d 31 (Fla. 5th DCA 1997), in which the court stated its agreement with City of Boca Raton. DiPaolo moved to amend his complaint and add additional counts before the hearing on Rollins’s motion for summary judg *1094 ment. However, DiPaolo then allowed the time for the motion for rehearing and the time for appeal of the final summary judgment to expire without seeking any action on his motion to amend the complaint. See id. at 31-32. The fifth district held that “[a] pending motion to amend does not extend the trial court’s jurisdiction after entry of final judgment, and the court’s reserving consideration of that issue until a later time does not change that fact.” Id. at 32.
Here, the motion to amend was filed before the written final judgment was entered and was timely noticed for a hearing. The court acted on its own without the requested hearing. Appellant timely appealed the final judgment. The court’s failure to rule upon the motion to amend was tantamount to denial of the motion, which was an abuse of discretion.
The trial court should have granted appellant’s motion for leave to amend its pleadings. The proffered amendment indicates that appellant can state a cause of action. See Hervey v. Alfonso, 650 So.2d 644, 647 (Fla. 2d DCA 1995).
We therefore reverse and remand with instructions to grant appellant’s motion to amend the complaint nunc pro tunc to December 17,1998.
REVERSED AND REMANDED.
POLEN and GROSS, JJ., concur.