# Third District Court of Appeal

## State of Florida

Opinion filed June 21, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-1632 & 3D16-1338
Lower Tribunal No. 13-19700
_____


**Rachel Vancelette,**
Appellant,

vs.

**Boulan South Beach Condominium Association, Inc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

LaValle, Brown & Ronan and Kenneth J. Ronan and Anthony Brown and John Schwencke and Nicole C. Seropian (Boca Raton), for appellant.

Carlton Fields and Sylvia H. Walbolt (Tampa) and David L. Luck; Shendell Pollock and Gary R. Shendell, Kenneth S. Pollock and Ivan J. Reich (Boca Raton); Conroy Simberg and Diane H. Tutt (Hollywood); Bartlett, McDonough & Monaghan and Marybeth Cullinan (Fort Lauderdale); Quintairos, Prieto, Wood & Boyer and Thomas A. Valdez (Tampa), for appellees.


Before SALTER, FERNANDEZ and LUCK, JJ.

SALTER, J.

Rachel Vancelette appeals five final summary judgments entered in favor of seven defendant/appellees regarding personal injuries when she tripped and fell on an unmarked curb at the far side of a sidewalk access ramp. In case No. 3D16-1632, Ms. Vancelette appeals a final summary judgment in favor of Boulan South Beach Condominium Association, Inc. ("Association"). In case No. 3D16-1338, she appeals final summary judgments in favor of: Park Place Development, LLC ("Developer"); Soares Da Costa, CS, LLC ("Contractor"); Master Excavators, Inc., and Curb Masters, LLC (collectively, "Subcontractors"); and Schwebke-Shiskin Associates, Inc., and Hernando J. Navas (collectively, "Engineers").[1]

Ms. Vancelette's injury occurred in December 2011. The undisputed facts establish that the ramp and curb on which she tripped were part of a renovation project undertaken by the Florida Department of Transportation ("DOT"). DOT issued a permit for the Developer to repair the crosswalk, and it approved plans for the work in 2009. The work was performed by the Subcontractors under a contract with the Contractor. The Engineers drew the plans and inspected the work.

There is also no genuine dispute that (a) DOT accepted the work in August 2010, fourteen months before Ms. Vancelette suffered her injury, and (b) the alleged defect in the project was patent rather than latent. Ms. Vancelette raises

---

[1] The two appeals were consolidated for all purposes in this Court.

2

two issues on appeal. First, she argues that her motion for continuance of the hearing on the motions for summary judgment, filed less than two weeks before the scheduled hearing and three months after Ms. Vancelette's counsel notified the trial court that she was ready for trial (and two years, ten months, after the lawsuit was filed) should have been granted. Second, she argues that the case is not subject to the "Slavin doctrine," Slavin v. Kay, 108 So. 2d 462 (Fla. 1958), regarding the legal effect of an owner's acceptance of the work. We find no error regarding the trial court's analysis of either of these issues.

The trial court's denial of the motion for continuance is reviewed under the abuse of discretion standard. Ms. Vancelette has not advanced any reason why she could not have completed the discovery before the summary judgment hearing, particularly in light of her own notice of readiness for trial months earlier and the lengthy pendency of the action. Crespo v. Fla. Entm't Direct Support Org., Inc., 674 So. 2d 154, 155 (Fla. 3d DCA 1996); Colby v. Ellis, 562 So. 2d 356 (Fla. 2d DCA 1990).

Absent a non-moving party's demonstration of diligence, good faith, and the materiality of the discovery sought to be completed, a trial court cannot be faulted for denying a motion to continue a long-scheduled hearing on the motions for summary judgment. See, e.g., Smith v. Smith, 734 So. 2d 1142, 1144-45 (Fla. 5th DCA 1999) ("after a motion for summary judgment is filed and scheduled, non-

moving parties cannot thwart the summary judgment hearing by initiating discovery"); <u>Bldg. Educ. Corp. v. Ocean Bank</u>, 982 So. 2d 37 (Fla. 3d DCA 2008); <u>Carbonell v. BellSouth Telecomms., Inc.</u>, 675 So. 2d 705 (Fla. 3d DCA 1996).

Regarding the merits of the motions for summary judgment, the <u>Slavin</u> doctrine holds that acceptance of the completed work by the owner relieves the construction and design defendants of further liability as to alleged patent defects. Ms. Vancelette's reliance on a punch list email by the Engineers, "Ramp not constructed as per plans. (Possible tripping hazard)," is misplaced. The email was dated March 19, 2010, five months before DOT accepted the completed work. The <u>Slavin</u> doctrine applies to such a scenario. <u>Gustinger v. H.J.R., Inc.</u>, 573 So. 2d 1033 (Fla. 3d DCA 1991); <u>Foster v. Chung</u>, 743 So. 2d 144 (Fla. 4th DCA 1999).

The final summary judgments in favor of these seven appellee/defendants are affirmed.