# Third District Court of Appeal

## State of Florida

Opinion filed September 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2520
Lower Tribunal No. 17-20195
_____

**Maria Mesa De Los Angeles**,
Appellant,

vs.

**Winn-Dixie Stores, Inc.**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Perez Law Group P.A., and Luis N. Perez and Williams Mesa, for appellant.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

Maria Mesa De Los Angeles, the plaintiff below, filed a negligence action against Winn-Dixie Stores, Inc., alleging she fell and suffered injury after slipping on some liquid detergent on the floor in an aisle containing laundry detergent products.

De Los Angeles testified during her deposition that the liquid detergent she slipped on was "clear," "slippery," "light blue," and "not dirty," and that there were no footprints in the detergent. She had no knowledge how long the liquid detergent had been on the floor before she fell, but testified it must have been there for at least three to five minutes, because that's how long she was in the aisle alone before the incident occurred. She also testified she had no knowledge whether any Winn-Dixie employees were aware the liquid was on the floor. An open bottle of laundry detergent was found on the shelf near where she fell; the cap was next to the bottle, and the bottle was standing upright and was not leaking or dripping. According to the deposition of Winn-Dixie store manager, an employee had checked that area of the store five minutes before the incident occurred.

De Los Angeles appeals final summary judgment entered in favor of Winn-Dixie. We affirm, as there were no genuine issues of material fact and the undisputed material facts, viewed in a light most favorable to plaintiff, failed to establish Winn-Dixie had actual or constructive notice of the

2

condition. See § 768.0755(1)(a)-(b), Fla. Stat. (2017);[1] Morales v. Ross Dress for Less, Inc., 306 So. 3d 335 (Fla. 3d DCA 2020) (affirming summary judgment where the record was "devoid of facts evidencing the length of time the [substance] was on the floor, 'the condition occurred with regularity and was therefore foreseeable, or any other salient factor that would serve to lawfully impute constructive notice to Ross") (quoting § 768.0755(1)(b), Fla. Stat. (2017)); Encarnacion v. Lifemark Hosps. of Fla., 211 So. 3d 275, 277-78 (Fla. 3d DCA 2017) (holding "where a business invitee slips and falls on a 'transitory substance' in a business establishment . . . proof of the breach element of the claim against an owner of the establishment is statutorily constrained by § 768.0755, Fla. Stat."); Oliver v. Winn-Dixie Stores, Inc., 291 So. 3d 126 (Fla. 4th DCA 2020) (noting "if Winn-Dixie satisfied its summary

---

[1] This statute, which first became effective on July 1, 2010, provides in pertinent part:

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
   (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
   (b) The condition occurred with regularity and was therefore foreseeable.

3

judgment burden of showing that there were no disputed factual issues about its constructive knowledge, the burden shifted to [plaintiff] to 'come forward with counterevidence sufficient to reveal a genuine issue'"); Walker v. Winn-Dixie Stores, Inc., 160 So. 3d 909, 910-12 (Fla. 1st DCA 2014) (affirming summary judgment and noting that, at most, the substance was on the floor less than four minutes before the fall and that this "was insufficient to satisfy the statute's requirement that the alleged dangerous condition must exist 'for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition' before constructive knowledge of the condition can be imputed.")

De Los Angeles argues additionally that the trial court erred in proceeding with the summary judgment because discovery was ongoing, and that De Los Angeles sought to depose a Winn-Dixie witness and compel the production of additional surveillance video. We find no abuse of discretion where, as here, counsel filed neither a written motion for continuance of the summary judgment hearing, see Fla. R. Civ. P. 1.460,[2] nor an affidavit in opposition to summary judgment based on the need to conduct additional discovery. See Fla. R. Civ. P. 1.510(f) (providing: "If it

---

[2] "A motion for continuance shall be in writing unless made at a trial and, except for good cause shown, shall be signed by the party requesting the continuance." Fla. R. Civ. P. 1.460.

appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . .")[3] See also Carbonell v. Bellsouth Telecomms., Inc., 675 So. 2d 705 (Fla. 3d DCA 1996). Further, the record indicates that the Winn-Dixie witness' name was provided to plaintiff a year before the summary judgment hearing. See Vancelette v. Boulan S. Beach Condo. Ass'n, Inc., 229 So. 3d 398, 400 (Fla. 3d DCA 2017) (holding: "Absent a non-moving party's demonstration of diligence, good faith, and the materiality of the discovery sought to be completed, a trial court cannot be faulted for denying a motion to continue a long-scheduled hearing on the motions for summary judgment. A trial court does not abuse its discretion in granting a motion for summary judgment, despite the pendency

---

[3] In In re Amendments to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 192 (Fla. 2020), the Florida Supreme Court amended Florida's existing summary judgment standard, replacing it with the federal summary judgment standard articulated by the United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). New rule 1.510, effective May 1, 2021, "govern[s] the adjudication of any summary judgment motion decided on or after that date, including in pending cases." In re Amendments to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 77 (Fla. 2021). Where the trial court has adjudicated the summary judgment motion prior to the new rule's May 1, 2021, effective date (as the trial court did in this case), we apply the pre-amendment rule in our review on appeal.

5

of discovery, where the non-moving party has failed to act diligently in taking advantage of discovery opportunities"); <u>Leal v. Benitez</u>, 275 So. 3d 774 (Fla. 3d DCA 2019) (noting: "The granting or denying of a motion for continuance is within the discretion of the trial judge and a gross or flagrant abuse of this discretion must be demonstrated by the complaining party before this court will substitute its judgment for that of the trial judge") (quotations omitted).

Affirmed.