# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-938
Lower Tribunal No. 20-4711

————————————

## Amalia Freire, et al.,
Appellants,

vs.

## Citizens Property Insurance Corporation,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

South Florida Appeals, PA and Wm. Allen Bonner; Vargas Gonzalez Hevia Baldwin LLP and Rene M. Delombard, for appellants.

Paul R. Pearcy, P.A. and Maureen G. Pearcy, for appellee.

Before LINDSEY, HENDON and LOBREE, JJ.

PER CURIAM.

Amalia Freire, Joaquin Freire, and Mirka Freire (the "homeowners")

appeal the trial court's entry of final summary judgment in favor of Citizens Property Insurance Corporation. We affirm on all issues. See Vella v. Salaues, 290 So. 3d 946, 950 (Fla. 3d DCA 2019) ("A party seeking a continuance [of a summary judgment hearing] bears the burden of showing, by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it, and that any failure to do so is not the result of the movant's inexcusable delay." (quoting Carbonell v. BellSouth Telecomms, Inc., 675 So. 2d 705, 706 (Fla. 3d DCA 1996))). Further, a party seeking to continue a long-scheduled summary judgment hearing to complete outstanding discovery must demonstrate that the outstanding discovery (1) was sought diligently, (2) was sought in good faith, and (3) is material to the disposition of the case. See Vancelette v. Boulan S. Beach Condo. Ass'n, 229 So. 3d 398, 400 (Fla. 3d DCA 2017); see also Tr. Real Est. Ventures, LLC v. Desnick, 278 So. 3d 242, 242 (Fla. 3d DCA 2019) (noting that summary judgment is not premature where "any further discovery [is] not likely to present any material facts relevant to the . . . court's disposition of the issues" (quoting Barco Holdings, LLC v. Terminal Inv. Corp., 967 So. 2d 281, 289 (Fla. 3d DCA 2007))). The parties do not contest that the depositions at issue were sought diligently and in good faith. Thus, the only issue is whether the depositions are material to the disposition of

the case. Given the facts provided by the homeowners themselves, we find that the outstanding depositions would not reveal any material facts relevant to the court's disposition of the issues. See 1500 Coral Towers Condo. Ass'n. v. Citizens Prop. Ins. Corp., 112 So. 3d 541, 544-45 (Fla. 3d DCA 2013) ("Although the issue of whether an insured has overcome the presumption of prejudice caused by late notice is generally reserved for the trier of fact, it is appropriately raised on summary judgment where, as in this case, the insured fails to present evidence sufficient to rebut the presumption."); Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140 (Fla. 3d DCA 2022) (finding expert's affidavit, which was wholly conclusory, insufficient to create genuine issue of material fact to overcome presumption of prejudice to insurer from insured's late reporting of her claim).

Affirmed.