# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0649
Lower Tribunal No. 18-21933-CA-01
_____


**Natalie Nichols,**
Appellant,

vs.

**City of Miami Beach,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Valero Law PLLC, and Davied T. Valero and Amanda E. Valero-Vincent, for appellant.

Ricardo J. Dopico, City Attorney, and Robert F. Rosenwald, Jr., Chief Deputy City Attorney; Carlton Fields, P.A., and Enrique D. Arana, Scott E. Byers, and Rachel A. Oostendorp, for appellee.


Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

## INTRODUCTION

The underlying action involves an equal protection challenge to two Miami Beach ordinances barring short-term rentals in single-family and multi-family residential districts, respectively. Appellant, Natalie Nichols (an individual with rentals in a single-family residential district), appeals the trial court's order of summary judgment in favor of Appellee, City of Miami Beach, on Nichols' equal protection claim denying her motion for continuance of the summary judgment hearing, and effectively denying her motion to amend the operative complaint.

For the reasons that follow, we affirm in all respects.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Ordinances

Nichols owns two properties in Miami Beach—a single family home and a fourplex. Both properties are located within single-family residential districts. In 2009, the City adopted section 142-905(b)(5) (SF District Ordinance), prohibiting short term rentals in single-family districts without exception. The following year, in 2010, the City adopted section 142.1111(a), a similar ordinance prohibiting short-term rentals in multi-family residential districts with certain exceptions (MF District Ordinance). Those exceptions to the MF District Ordinance relate to three areas of Miami Beach: Flamingo

Park and Espanola Way Historic Districts; Collins Waterfront Local Historic District; and the North Beach area. According to the City, the three exceptions are "limited to specific areas adjacent to commercial or other more intense use, minimizing the impact of transient rentals on the surrounding community." Significant to this appeal, Nichols is affected only by the SF District Ordinance which provides no exceptions to short-term rentals.

When passed, the ordinances also included "substantial mandatory fines" for noncompliance. City of Miami Beach v. Nichols, 314 So. 3d 313, 314 (Fla. 3d DCA 2020).

B.      The Lawsuit and the Various Iterations of the Complaint

In June 2018, Nichols filed the underlying lawsuit, asserting three causes of action seeking declaratory relief, and alleging: (1) both ordinances violate the equal protection clause of the Florida Constitution; (2) the fines imposed on homeowners engaged in short-term rentals of their property constitutes excessive punishment under the Florida Constitution; and (3) the fines are preempted by state law.

Before the City responded, Nichols amended the complaint, as a matter of right, to correct a scrivener's error.

3

On August 27, 2018, the City moved to dismiss the Amended Complaint on numerous grounds. The trial court held a hearing on the motion, during which Nichols requested to amend her equal protection and excessive fine claims; the trial court granted the request as it was "the first go-round."

Consistent with its oral pronouncement, the trial court entered an order dismissing Counts 1 and 2 without prejudice, and granting Nichols leave to amend. On February 4, 2019, Nichols filed her Second Amended Complaint. The City again moved to dismiss the equal protection and excessive fines claims, and answered the preemption claim. Soon after, the parties filed cross-motions for summary judgment on the preemption claim (Count 3). The trial court ultimately granted Nichols' motion for summary judgment on Count 3 (alleging the fines were preempted by state law), invalidating both ordinances in their entirety as "illegal and unenforceable." Upon the City's appeal, this Court affirmed in part, and reversed in part, remanding for severance of the "offending fines to preserve the validity of the Ordinance." Nichols, 314 So. 3d at 317.

This Court's ruling meant that the ordinances' survived, and Nichols' challenge to the ordinances continued only under the equal protection claim.

4

On remand in February of 2021, the City set its previously filed motion to dismiss for a hearing. Nichols responded and, in March of 2021, served discovery requests on the City, including her first set of interrogatories, first request for the production of documents, and first request for admissions.

Following a hearing in April of 2021, the trial court granted in part and denied in part the City's motion to dismiss, denying the motion on the equal protection claim to the MF District Ordinance (section 142-1111); granting the motion on the equal protection challenge to the SF District Ordinance (section 142-905(b)(5)); dismissing Count 2 (excessive fine) as moot; and directing the parties to "file a memorandum, or motion supported by a memorandum of law, addressing whether the remaining claim asserted in Count One is moot in light of the dismissal of the equal protection challenge to [the SF District Ordinance]."

In June of 2021, the City moved to dismiss the remaining claim for lack of standing and/or mootness and, in the alternative, motion for summary judgment.   The City contended that Nichols lacks standing to challenge the SF District Ordinance because she is not adversely affected by it; her claim is moot, because even if she were successful, she would still be unable to rent, on a short-term basis, her properties under the MF District Ordinance; and the City is entitled to summary judgment on the equal protection claim

because it fails on undisputed facts as a matter of law. In support of its motion, the City filed a declaration from Thomas Mooney, director of the City's planning department in which he explained the ordinances and attached the legislative history for same.

Nichols filed her own memorandum on mootness, maintaining that her claim challenged the City's short-term "rental ban and its exceptions as a whole . . . ." Put differently, her equal protection claim "should either be allowed to proceed or, if the Court concludes that she has failed to state a claim, dismissed as a whole."

The same day, Nichols filed a motion for leave to file a Third Amended Complaint: "Nichols seeks to plead her equal protection challenge to [the City's] scheme that prohibits short-term rentals in some parts of Miami Beach, while allowing them in others, with greater clarity and specificity to overcome the defect the Court found in partially dismissing the operative version of her claim" and to "support her claim with additional facts of which she became aware after filing her second amended complaint."

Three months later (August of 2021), Nichols again moved for leave to amend the Third Amended Complaint, seeking to add Marketwise

Investments, LLC as a plaintiff.[1]  It alleged "one combined cause of action for violation of the equal protection clause. . . ." The City opposed the motion, arguing amendment to the complaint would be futile.

In her motion responding to the City's motion, Nichols  argued that the trial court should at least defer ruling on the motion "because Nichols requires discovery to oppose it" as "Nichols has been unable to obtain the discovery she needs because the City has so far failed and refused to respond to most of her initial discovery requests." Nichols filed a declaration from her attorney detailing the requisite discovery; for instance, she sought to depose Thomas Mooney.

On October 5, 2021, the trial court held a hearing on Nichols' motion to amend and the City's motion to dismiss/for summary judgment. The trial court granted Nichols "one last shot":

> If I deny [] Nichols leave to amend, then the issue could go up on appeal on a denial of leave to amend. Aren't we better off just getting this case—giving him one last shot, dealing with these issues on the merits, by—[the City] can refile [its] summary judgment, or whatever you want to do, and I'll issue an order on the merits and we'll be done, one way or the other.

. . .

---

[1] Marketwise is a property owner in the Flamingo Park Historic District which, at the time Nichols filed the motion, sought to challenge the Ordinances as violative of the equal protection clause. Marketwise has since dismissed, with prejudice, its suit against the City.

[Y]ou may very well be . . . right on the merits. In which case . . . I'll dispose of this case, and—we'll be done.…

. . .

[Y]ou've had this case now for a few years. I understand you're trying to keep it alive and keep every claim alive and explore every option. *And I'm going to give you this one last opportunity. I'm going to let you file your Third Amended Complaint. That's it.* You're not going to be amending your old [sic] again. *This was your last shot*, Understood?

No more Plaintiffs. No more theories. You know what these ordinances say. You've known what they've said since 2018, at least, when Ms. Nichols retained you. You better put forth your best arguments. This is your last pleading.

If I find that it doesn't state a claim, or that it's subject to summary judgment, that's going to be the end of this case and I'm going to dispose of it on the merits. But I'm going to let you file this last iteration of a pleading. And my order will be for—will say that your Motion for Leave . . . is granted, somewhat reluctantly, and that this is the last shot.

. . .

Don't come back to me with more plaintiffs, more theories, more—If you have other claims to file, you file another action and you'll deal with another court. *But this is the last shot here.*

(Emphasis added).

Days later, the trial court entered an order granting Nichols' amended motion for leave to file a Third Amended Complaint and denying the motion to dismiss/motion for summary judgment.

According to the City, it completed all discovery requests by January of 2022. Nichols questions the date of production but confirms the City

8

produced the requested records only after the Third Amended Complaint was deemed filed.

### C.    The Underlying Motion for Summary Judgment

Two years later, in October of 2023, the City moved for summary judgment on Nichols' equal protection claim, and refiled its declaration from Mooney, director of the City's planning department, with attachments.[2]

On December 1, 2023, Nichols advised the City that she would file a Bert J. Harris Act claim against the City. Days later (on December 5), the City filed a notice for a special set hearing on its motion for February 1, 2024. The City contends both parties had discussed and agreed to the February 1, date.

Over a month later (January 12, 2024), Nichols moved for a continuance of the February 1, hearing. She noted her intention, "in the coming weeks," to file a motion for leave to file a fourth amended complaint, "adding causes of action based on the same set of operative facts but focused on alternative theories of recovery . . . ."

The next day Nichols filed a response to the motion for summary judgment, and on January 26 (less than a week before the scheduled

---

[2] Between the trial court's October 2021, order and the City's underlying motion for summary judgment filed in October 2023, the docket consists primarily of motions to withdraw and notices of appearance for Nichols' various attorneys. At certain points below, Nichols proceeded pro se.

summary judgment hearing) she moved for leave to amend her complaint. The Fourth Amended complaint added causes of action, on behalf of both Nichols and Marketwise, for equitable estoppel & vested rights (Counts 2 & 5), an action under the Bert Harris Act (Count 3) and inverse condemnation (Counts 4 & 6).

Following the February 1 hearing on both parties' motions (Nichols' motion for continuance and the City's motion for summary judgment), the trial court entered its order denying Nichols' motion for continuance, granting the motion for summary judgment, and in effect denying Nichols' motion to amend the complaint.

This appeal followed.

**STANDARD OF REVIEW**

This Court applies abuse of discretion review to an order on a motion for continuance and an order denying a motion to amend the pleadings. Vella v. Salaues, 290 So. 3d 946, 948-49 (Fla. 3d DCA 2019) ("The granting or denying of [amendments to the pleadings or] a motion for continuance is within the discretion of the trial judge and a gross or flagrant abuse of this discretion must be demonstrated by the complaining party before this court will substitute its judgment for that of the trial judge.") (alteration in original).

We review de novo an order granting summary judgment. <u>Jain v. Buchanan Ingersoll & Rooney PC</u>, 322 So. 3d 1201, 1204 (Fla. 3d DCA 2021).

**<u>ANALYSIS AND DISCUSSION</u>**

Nichols contends the trial court abused its discretion or otherwise erred in: (1) refusing to entertain her motion for leave to amend; (2) denying her motion to continue the February 1 hearing; (3) entering final summary judgment against Nichols on her equal protection challenge; and (4) entering final summary judgment on Nichols' challenge to the exceptions in the MF residential district Ordinance.

We find Nichols' arguments unpersuasive, and hold the trial court committed no reversible error nor abused its discretion.

1. <u>The trial court did not abuse its discretion in denying Nichols' motion for leave to amend her complaint</u>

As an initial matter, although the trial court's order did not explicitly deny the motion to amend, the failure to address it in a final order fully disposing of the case constitutes an implicit denial. <u>Marquesa at Pembroke Pines Condo. Ass'n, Inc. v. Powell</u>, 183 So. 3d 1278, 1279 n.1 (Fla. 4th DCA 2016) ("Appellant admits that this failure to address its motion to amend is an implicit denial of the motion.") (citing <u>Skilled Servs. Corp. v. Reliance Ins. Co.</u>, 763 So. 2d 1092, 1094 (Fla. 4th DCA 1999)); <u>compare</u> <u>Skilled Servs. Corp.</u>, 763 So. 3d at 1094 (same; but finding that in that case, a denial was

11

an abuse of discretion: "The court's failure to rule upon the motion to amend was tantamount to denial of the motion, which was an abuse of discretion."); with Dombrowski v. Blum, 388 So. 3d 53, 54-55 (Fla. 3d DCA 2023) (treating failure to address motion to amend as a denial but finding no abuse of discretion: "While it may have been within the trial court's discretion to grant Appellants' amendment motion, for us to conclude that the trial court abused its discretion by denying the amendment, we must determine that, as a matter of law, no reasonable judge would have denied Appellants' amendment motion in these circumstances.").

We conclude the trial court did not abuse its discretion where it explicitly warned Nichols, in October of 2021, that the Third Amended Complaint was her "last shot" to amend the complaint. Compare with Feigin v. Hosp. Staffing Servs., Inc., 569 So. 2d 941, 942 (Fla. 4th DCA 1990) ("Refusal to grant leave to amend was not an abuse of the court's discretion since this was the seventh complaint filed over a four-year period and the record clearly reflects the court's warning that this was the plaintiff's 'last bite at the apple.'"). This was two years before the City filed the underlying motion for summary judgment. And by the time the trial court entered the order on appeal, the case had been pending for over five years and Nichols had filed at least three substantively different versions of her complaint. Lastly,

12

Nichols had received discovery from the City by January of 2022 yet, in January of 2023, sought to amend her complaint (and to continue the hearing) based, in part, on her assertion that "it is highly likely that the parties will engage in further discovery," and thus summary judgment cannot be granted until "she has completed discovery." This was essentially the same basis upon which the trial court initially granted leave to amend the Third Amended Complaint.

We further note that the motion for continuance was filed on January 12, less than three weeks before the February 1, summary judgment hearing, and the motion to amend was filed on January 26, less than a week before that hearing.

The trial court did not abuse its discretion in denying Nichol's motion to amend. See Pangea Produce Distributors, Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019) ("Typically, refusal to allow amendment of a pleading constitutes an abuse of discretion unless allowing the amendment 'would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'"); see also Inspired Cap., LLC v. Howell, 387 So. 3d 348, 352 (Fla. 3d DCA 2023) (holding the trial court did not abuse its discretion in denying leave to amend "based on the totality of the circumstances, the length of litigation, including the exhaustive

13

discovery and briefing that occurred to date"); id. ("Although Florida encourages adjudication on the merits and liberal amendment, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached.") (quotation omitted).

2. The trial court did not abuse its discretion in denying Nichols' motion for continuance.

"A party seeking a continuance bears the burden of showing, by affidavit, the existence and availability of other evidence, its relevance, the efforts taken to produce it, and that any failure to do so is not the result of the movant's inexcusable delay." Vella, 290 So. 3d at 950 (quoting Carbonell v. BellSouth Telecomms., Inc., 675 So. 2d 705, 706 (Fla. 3d DCA 1996)).

Here, Nichols failed to meet her burden. Vancelette v. Boulan S. Beach Condo. Ass'n, Inc., 229 So. 3d 398, 400 (Fla. 3d DCA 2017) (finding no abuse of discretion where the plaintiff had not "advanced any reason why she could not have completed discovery before the summary judgment hearing . . ."); Freire v. Citizens Prop. Ins. Corp., 386 So. 3d 995, 995 (Fla. 3d DCA 2023) (noting a party seeking continuance must show discovery "(1) was sought diligently, (2) was sought in good faith, and (3) is material to the disposition of the case"). Specifically, the case had been pending for over five years, and, in October 2021, Nichols had already "avoided" a contrary ruling on summary judgment, contending she needed to obtain or conduct

14

further discovery. Yet she never sought to depose Mooney and, according to the City, did not use any of the discovery produced by the City in 2022 in her last iteration of the complaint.

Lastly, the motion to continue was based generally on Nichols' intent to amend her complaint yet again, and therefore, for the same reasons we find no abuse of discretion in denying the motion to amend, we find no abuse of discretion in the trial court's order denying the motion to continue the summary judgment hearing.

3.   The trial court did not err in granting summary judgment on Nichols' equal protection claim.

The ordinances at issue are subject to analysis under the highly deferential rational basis test:

> Equal protection is not violated merely because some persons are treated differently than other persons. It only requires that persons similarly situated be treated similarly. In the absence of a fundamental right or a protected class, equal protection demands only that a distinction which results in unequal treatment bear some rational relationship to a legitimate state purpose. This is known as the rational basis test. Since there is no fundamental right or suspect class at issue here, the State need only meet that test.

> In applying the rational basis test, the courts first look to whether the statute serves a legitimate government purpose, and second, whether the legislature was reasonable in its belief that the classification would promote that purpose.

15

Troy v. State, 948 So. 2d 635, 645 (Fla. 2006) (internal citation and quotation omitted); see also Ricketts v. Vill. of Miami Shores, 232 So. 3d 1095 (Fla. 3d DCA 2017) (finding that rational basis review, not strict scrutiny review, applied to resident's facial challenge to a zoning ordinance preventing them from growing vegetables in their front yard).

Florida Courts have long acknowledged, and accorded deference to, a municipality's power to enact zoning ordinances. See City of Miami v. Zorovich, 195 So. 2d 31, 35-36 (Fla. 3d DCA 1967) ("[A] municipality . . . may be vested with the power to enact a valid zoning ordinance and . . . a general attack thereon will ordinarily fail[.] . . . A zoning ordinance is not invalid merely because it prevents the owner from using the property in the manner which is economically most advantageous."); Kuvin v. City of Coral Gables, 62 So. 3d 625, 640 (Fla. 3d DCA 2010) ("Municipal zoning ordinances, which are legislative enactments, are presumed to be valid and constitutional."). And courts have repeatedly upheld such ordinances upon application of the rational basis test. See, e.g., Kuvin, 62 So. 3d at 640 (finding ordinance restricting commercial vehicles from parking in certain residential areas were rationally related to legitimate purpose of preserving residential character of neighborhood and enhancing aesthetic appeal); Ricketts, 232 So. 3d at 1100 (noting "numerous Florida cases in which zoning regulations based on

16

aesthetics have been upheld as preserving the residential look and feel of a community"); Zorovich, 195 So. 2d at 37 ("It has long been settled in Florida that zoning regulations which promote the integrity of a neighborhood and preserve its residential character are related to the general welfare of the community and are valid exercises of the legislative power.").

Here, the ordinances preclude short-term rentals (entirely in single-family residential districts). The City posited that the ordinances' legitimate purpose is to "restrict[] the location of short-term rentals in order to protect and maintain the residential character, privacy, security, and quality of life of residential neighborhoods by protecting such communities from the adverse effects associated with short-term rentals, like increased noise, traffic, and diminishment of the privacy and permanency."  To this point, it submitted an affidavit from Mooney, the city planning director, explaining the ordinances and the reasoning behind them.  This reasoning is consistent with what prior courts have found to satisfy the rational basis test, and Nichols' arguments to the contrary are unpersuasive.

4. <u>The trial court did not err in entering summary judgment on Nichols' challenge to the exceptions in the MF residential district Ordinance.</u>

First, and most significantly, Nichols lacks standing to challenge the MF Residential District Ordinance, specifically its exceptions. <u>Hardage v.</u>

City of Jacksonville Beach, 399 So. 2d 1077, 1079 (Fla. 1st DCA 1981) (finding no standing because the vendor was part of a group not allowed to sell liquor on Sunday and, as such, he was not affected by the portion of the ordinance he challenged which restricted those that could sell liquor on Sundays to selling liquor for consumption on premises only: "To have standing to challenge a portion of an ordinance, [the plaintiff] must be affected by that portion he seeks to attack."); Sancho v. Smith, 830 So. 2d 856, 863 (Fla. 1st DCA 2002) (holding supervisors of election lacked standing to challenge a statute creating an exemption for the Legislature to the 75-word limit applicable to a ballot summary for an amendment by citizen initiative: "Although the supervisors have an interest in assuring that elections run smoothly, they have no real interest in the exemption that is the subject of their equal protection challenge" and, regardless, a citizen with standing could challenge the same provision); id. at 864 (explaining that a party "not adversely affected by a statute generally has no standing to argue that the statute is invalid."). Nichols' properties are in a single-family district; any challenge could conceivably be made by a party living in a multi-family district; and, in the event Nichols should even prevail, the only remedy available would be to sever the exemptions. See id. (noting that lack of standing was demonstrated by "absence of an effective remedy": "[A]ll we

18

could do . . . if we agreed with the supervisors on the merits of their equal protection claim would be to rewrite the statute to make the 75–word limit applicable to everyone. That we are not at liberty to do.").

In addition, Nichols' claim is barred by the four-year statute of limitations. See § 95.11(3)(p), Fla. Stat.; see also Milan Inv. Grp., Inc. v. City of Miami, 50 So. 3d 662 (Fla. 3d DCA 2010) (holding that the owner's challenge to the city's imposition of the tax levy accrued on the date the ordinance was enacted).  Nichols essentially concedes this point, instead urging the court to reconsider an argument previously rejected by the Second District in Manatee Cnty. v. Mandarin Dev., Inc., 301 So. 3d 372 (Fla. 2d DCA 2020) (rejecting argument raised by the plaintiff that the statute of limitations can never bar a challenge to an ordinance for being unconstitutional, because an unconstitutional ordinance is void).  Here, the ordinances were passed in 2009 and 2010. Given Nichols' lack of standing, and the statute-of-limitations bar, we do not reach the remaining arguments she raises in her challenge to the exceptions in the MF residential district Ordinance.

**CONCLUSION**

Because the trial court did not abuse its discretion in denying Nichols' motion for leave to amend and motion to continue the February 1st summary

19

judgment hearing and did not err in entering final summary judgment against

Nichols on her claims, we affirm the final judgment in all respects.

Affirmed.